```
```
UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION
NO.

PALEX, INC.,
    Plaintiff

01cv10084 GAO

VS.

SEA WATCH INTERNATIONAL, LTD.,
    Defendant.

## PLAINTIFF, PALEX, INC.'S, COMPLAINT AGAINST SEA WATCH INTERNATIONAL, LTD.

Now comes the Plaintiff, Palex, Inc., in the above entitled action, by and through its undersigned counsel, Clinton & Muzyka, P.C., and files its Complaint Against Sea Watch International, Ltd.

### THE PARTIES

1. Plaintiff, Palex, Inc. (hereinafter referred to as Palex), is a corporation established pursuant to the laws of the State of New Jersey with a regular place of business in New Bedford, Massachusetts.

2. Defendant, Sea Watch International, Ltd. (hereinafter referred to as Sea Watch), is a foreign corporation with a principal place of operation at 15 Antonio Costa Blvd., New Bedford, Massachusetts.

2

## THE FACTS

3. Palex was at all times relevant the owner and operator of the F/V JOHN N, and operated pursuant to a contract/agreement with the Defendant Sea Watch whereby Sea Watch provided clam cages to Palex, Inc. for use on its vessel. In return Palex would sell its catch to Sea Watch.

4. Pursuant to the agreement, when Palex docked its vessel, Sea Watch would unload all of the cages onboard the vessel and return the cages to its processing plant at the pier and unload the clams.

5. When Palex was ready to return the F/V JOHN N to sea for a fishing trip, Sea Watch would load cages back onto that vessel. In the meantime, the cages would remain inside the Sea Watch facility, under the control and supervision of Sea Watch.

6. Sea Watch, under the agreement with Palex, was at all times was responsible for the condition, maintenance and repair of the cages that it provided for use to Palex.

7. Palex did not have any responsibility for or control over the cages which were provided to it for use on its vessel.

Case 1:01-cv-10084-LPC   Document 1   Filed 01/16/01   Page 3 of 8

3

8. On or about February 18, 1999, while a crewmember of the F/V JOHN N, James Young, was working aboard the F/V JOHN N, he became injured when he was caused to fall as a result of a collapsing bar on one of Sea Watch's cages.

9. As a result of that incident James Young filed suit against Palex in this Court. The case was captioned "James Young, III v. Palex, Inc.", and had a civil action number of 99-11228-REK.

10. On or about May 22, 2000 the parties in case number 99-11228-REK agreed upon a settlement whereby Palex agreed to pay to the injured individual a total payment of $150,000.00 in exchange for a full and complete release.

### COUNT I - CONTRIBUTION

11. The Plaintiff, Palex, repeats and reiterates the allegations contained in Paragraphs 1 through 10 inclusive and incorporates same as if fully set out herein.

12. The Plaintiff in this case, Palex, entered into a good faith settlement with James Young, the plaintiff in the prior case, for the injuries claimed in the amount of $150,000.00.

13. The Plaintiff herein, Palex, asserts that the injuries complained of by Mr. Young, and for which Palex made

4

payment as part of the good faith settlement referenced above, were the direct result of the negligence of Sea Watch and not the fault of the Plaintiff.

14. Based upon the negligence of the Defendant in causing the injuries to Mr. Young the Plaintiff herein is entitled to contribution from Sea Watch pursuant to the applicable general maritime law.

**WHEREFORE,** the Plaintiff, Palex, Inc., prays that judgment enter against the Defendant, Sea Watch International Ltd., for contribution together with costs and reasonable attorney's fees.

### COUNT II - INDEMNIFICATION

15. The Plaintiff, Palex, repeats and reiterates the allegations contained in Paragraphs 1 through 14 inclusive and incorporates same as if fully set out herein.

16. The Plaintiff herein, Palex, states that the injuries complained of by Mr. Young and for which Palex made payment as part of the good faith settlement referenced above, were the direct result of the negligence of Sea Watch and not the fault of the Plaintiff.

17. As such, the Plaintiff is entitled to be indemnified in full by Sea Watch for all damages which Plaintiff paid

5

to James Young in the aforementioned good faith settlement. Sea Watch should be required to indemnify the Plaintiff for all costs and expenses incurred during the pendency of that action.

**WHEREFORE,** the Plaintiff, Palex, Inc., prays that judgment enter against the Defendant, Sea Watch International, Ltd., for indemnity, including costs and expenses incurred during the pendency of the prior action.

### COUNT III - NEGLIGENCE

18. The plaintiff, Palex, repeats and reiterates the allegations contained in Paragraphs 1 through 17 inclusive and incorporates same as if fully set out herein.

19. Sea Watch breached its duty under General Maritime Law and other applicable laws to exercise reasonable care in providing the plaintiff, Palex, with cages which were not in a reasonably safe condition, in maintaining and repairing the cages provided to Palex, and in other respects as will be revealed during discovery.

20. As a result of the breach of this duty of care, the plaintiff, Palex, has sustained damages in the amount of $150,000.00, the amount paid in settlement of the underlying action, and in addition in the costs and

6

attorneys' fees which were extended in defending that action.

**WHEREFORE,** the Plaintiff, Palex, Inc., prays that judgment enter against the Defendant, Sea Watch International, Ltd., for negligence, including costs and expenses incurred during the pendency of the prior action.

## COUNT IV - BREACH OF CONTRACT

21. The plaintiff, Palex, repeats and reiterates the allegations contained in Paragraphs 1 through 20 inclusive and incorporates same as if fully set out herein.

22. Pursuant to the contract/agreement between Palex and Sea Watch, Sea Watch was obligated to provide the plaintiff with reasonably safe cages for its use in its commercial clamming operation and was further solely responsible to keep the cages maintained in a state of good and safe repair.

23. Sea Watch breached its contract/agreement with the plaintiff by providing an unreasonably defective and dangerous cage, in a state of disrepair, to the plaintiff.

24. Palex fully performed its obligations under the Contract/Agreement between the parties.

25. Palex has made a demand for payment against the defendant which has not been satisfied to date.

26. As a result of the aforementioned breach the plaintiff, Palex, has sustained damages in the amount of $150,000.00, in addition to costs and reasonable attorneys' fees to defend the action brought by James Young.

**WHEREFORE,** the Plaintiff, Palex, Inc., prays that judgment enter against the Defendant, Sea Watch International, Ltd., for breach of contract, including costs and expenses incurred during the pendency of the prior action.

### COUNT V - BREACH OF WARRANTY OF WORKMANLIKE PERFORMANCE

27. The plaintiff, Palex, repeats and reiterates the allegations contained in Paragraphs 1 through 26 inclusive and incorporates same as if fully set out herein.

28. The defendant, Sea Watch, owed a duty of workmanlike performance to Palex.

29. Sea Watch breached the duty of workmanlike performance by providing a defective and unreasonably dangerous cage, in a state of disrepair, for use by Palex in its commercial fishing operations.

8

30. As a result of the aforementioned breach the plaintiff, Palex, has sustained damages in the amount of $150,000.00, in addition to costs and reasonable attorneys' fees to defend the action brought by James Young.

**WHEREFORE,** the Plaintiff, Palex, Inc., prays that judgment enter against the Defendant, Sea Watch International, Ltd., for breach of workmanlike performance, including costs and expenses incurred during the pendency of the prior action.

By its attorneys,

**CLINTON & MUZYKA, P.C.**

*[signature]*

Arthur P. Skarmeas
**BBO NO: 547027**
One Washington Mall
Suite 1400
Boston, MA 02108
(617) 723-9165

Dated: January 16, 2001